# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

_____

Nos. 24-5640, 24-5615, 24-5643, 24-5647, 24-5913, 24-5928

UNITED STATES OF AMERICA,

Plaintiff/Appellee,

v.

DENNIS GREEN, PAUL VAUGHN, CALVIN ZASTROW, COLEMAN BOYD, CHESTER GALLAGHER, and HEATHER IDONI,

Defendants/Appellants.

_____

## APPELLANT PAUL VAUGHN'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO REMAND

Defendant/Appellant Paul Vaughn, through counsel, responds in opposition to the Government's motion to remand on the grounds that Mr. Vaughn continues to suffer adverse effects from the conviction and the appeal is therefore not moot. As grounds, Mr. Vaughn states:

1. In response to President Trump's issuance of an Executive Grant of Clemency, the Government seeks to remand the case to the District Court for dismissal with prejudice. (Doc. 28 at 1).

2. Although the pardon is full and unconditional, it does not erase the felony conviction. *See*, *e.g.*, *Lorance v. Commandant, U.S. Disciplinary Barracks*, 13 F.4th 1150, 1153 (10th Cir. 2021) ("The pardon . . . did not erase or expunge Lorance's record of convictions."). Rather, the pardon simply exempts the recipient from the punishment the law would otherwise inflict. *Id*. (citing *United States v. Wilson*, 32 U.S. (7 Pet.) 150, 160, 8 L.Ed. 640 (1833)).

3. In Mr. Vaughn's case, the stain of the felony conviction imposes "collateral consequences" which a favorable determination on appeal would redress. Accordingly, his case is not moot despite his acceptance of the pardon. *Lorance*, 13 F.4th at 1153.

4. For example, Mr. Vaughn serves as president of Personhood Tennessee, a nonprofit charitable organization. In that capacity he must file with the secretary of state a Charity Registration form which asks whether "any officer, director, manager, operator or principal" has "been convicted of a felony." By responding in the affirmative, Mr. Vaughn faces the risk of losing his position with Personhood Tennessee.

5. In addition, as a result of his conviction and sentence of home detention Mr. Vaughn has suffered financially. He must now seek alternative employment

in order to provide for his family. In applying for new employment, Mr. Vaughn must in certain applications disclose his felony conviction, thereby rendering him less employable.

6. Moreover, many employers now conduct background searches on job applicants via the Internet and other discreet means which will reveal Mr. Vaughn's status as a convicted felon regardless of whether he formally discloses the fact or not. Indeed, according to the Professional Background Screening Association some 92% of employers now run criminal background checks on job applicants. See Ryan Howard, "Surprising Statistics about Employment Background Checks," Verifirst blog, July 17, 2023 (https://blog.verifirst.com/surprising-statistics-about-employment-background-checks).

7. In Tennessee, the Tennessee Bureau of Investigations offers the general public criminal background checks. See https://www.tn.gov/tbi/divisions/cjis-division/background-checks.html. These background checks may be used by employers. See https://www.goodhire.com/background-checks/tennessee/.

8. As such, Mr. Vaughn has suffered and is suffering collateral consequences from his conviction.

9. "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (cleaned up); *see also Dennis v. Terris*, 927 F.3d 955, 959 (6th Cir. 2019) (reversing dismissal due to mootness despite commutation of petitioner's sentence).

10. A decision in Mr. Vaughn's favor would grant him effectual relief.

WHEREFORE, Mr. Vaughn opposes the Government's motion to remand the case for dismissal below, and requests that the motion be denied.

Respectfully Submitted,

/s/ Stephen M. Crampton
STEPHEN M. CRAMPTON
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
662-255-9439
scrampton@thomasmoresociety.org

*Counsel for Appellant Paul Vaughn*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was sent this 29th day of January, 2025, by ECF filing, to the office of the Assistant United States Attorney of record.

/s/*Stephen M. Crampton*
Stephen M. Crampton

*Counsel for Appellant Paul Vaughn*
